{¶ 14} I respectfully dissent.
 {¶ 15} The majority affirmed the trial court's dismissal of the Millers' complaint on procedural grounds upon finding that they did not comply with the court's order to file a second amended complaint sounding in a cause of action other than malicious prosecution and abuse of process and that the trial court had given them notice of such dismissal. A careful reading of the trial court's orders, however, indicates that the lower court did not dismiss the Millers' case as a sanction for their failure to comply with the court's order. Rather, I believe that the trial court dismissed the case on substantive grounds upon finding that the Millers had alleged no viable cause of action. The trial court reasoned that their pursuit of damages for malicious prosecution under a theory of joint and several liability would impermissibly result in a double recovery for the Millers given the judgment in their favor on their counterclaim in case number CV 2006 03 1521. The Millers, however, did not have a pending claim for malicious prosecution because the trial court struck their amended complaint.
 {¶ 16} After the trial court struck their amended complaint on substantive grounds, the Millers' original complaint alleging abuse of process and fraud continued to pend. The trial court erred by dismissing the case sua sponte on a damages theory where the underlying complaint for abuse of process and fraud had not been disposed. As the Millers' initial complaint remains pending, I would reverse and remand the matter to the trial court for resolution of the case. *Page 1